IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**SAMANTHA BIRDSALL, Individually and on Behalf of All Others Similarly Situated**     **PLAINTIFF**

vs.     No. 1:23-cv-2715

**GREAT DANE LLC**     **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Samantha Birdsall ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, and for her Original Complaint—Collective Action ("Complaint") against Defendant Great Dane LLC ("Defendant"), she states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper wages under the FLSA and the AMWA.

3. Upon information and belief, within the three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendant, and Defendant therefore "resides" in Illinois.

7. Defendant is headquartered in Chicago; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District, and a substantial part of the events alleged herein occurred in this District.

9. Upon information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

10. Plaintiff is an individual and resident of Arkansas.

11. Defendant is a foreign limited liability company registered to do business in Illinois.

12. Defendant's registered agent for service of process is Brian B. Gilbert at 222 N. LaSalle Street, Suite 300, Chicago, Illinois 60601.

13. Defendant, in the course of its business, maintains a website at https://greatdane.com/.

## IV. FACTUAL ALLEGATIONS

14. Defendant manufactures and sells trailers.

15. Defendant operates multiple manufacturing facilities throughout the United States, including a facility in Arkansas, and has a corporate headquarters located in Illinois that centralizes all pay, time and human resources policies to that they are the same across its facilities.

16. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

17. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

18. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

19. Defendant is an employer within the meaning of the FLSA and has been, at all times relevant herein, Plaintiff's employer.

20. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

21. Defendant employed Plaintiff as an Assembly 1 employee from March of 2022 until June of 2022, and then as a Machine Operator form June of 2022 until September of 2022.

22. During the time period relevant to this case, Plaintiff was employed at Defendant's manufacturing facility in Jonesboro, Arkansas.

23. Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA and paid her an hourly wage.

### A. Regular Rate Claim—Attendance Bonuses

24. In addition to her hourly wage, Plaintiff earned an attendance bonus when she was not tardy and did not miss a day of work during the pay period.

25. Within the three years preceding the filing of this lawsuit, Defendant also employed other hourly-paid workers ("Hourly Employees") who earned attendance bonuses.

26. Defendant directly hired Plaintiff and other Hourly Employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

27. The attendance bonuses were based on objective and measurable criteria.

28. Plaintiff and other Hourly Employees expected to receive the attendance bonuses and did in fact receive the attendance bonuses on a regular basis.

29. The attendance bonuses constituted nondiscretionary bonuses paid to Plaintiff and other Hourly Employees.

30. Defendant informs its hourly employees of the attendance bonuses upon hiring because the bonuses are part of Defendant's compensation package.

31. 29 C.F.R. § 778.208 requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

32. While employed by Defendant, Plaintiff regularly worked over forty hours in a week.

33. Upon information and belief, other Hourly Employees also regularly or occasionally worked over of forty hours in a week during their tenure with Defendant.

34. Because of the volume of work required to perform their jobs, Plaintiff and other Hourly Employees consistently worked in excess of forty hours per week.

35. Defendant paid Plaintiff and other Hourly Employees 1.5x times their base hourly rate for some of the hours they worked over 40 per workweek.

36. Defendant did not include the attendance bonuses that were paid to Plaintiff and other Hourly Employees in their regular rates when calculating their overtime pay.

37. In weeks in which Plaintiff and other Hourly Employees performed work related to earning an attendance bonus and worked hours over 40, Defendant did not pay Plaintiff and other Hourly Employees 1.5x their regular rate of pay for hours worked over 40 in that week.

38. Plaintiff and other Hourly Employees are entitled to 1.5x their regular rate of pay for hours worked over 40 each week.

39. Upon information and belief, Defendant's pay practices were the same for all hourly workers who received incentive bonuses.

40. Plaintiff and other Hourly Employees tracked their time via Defendant's electronic timekeeping system.

41. Defendant knew or should have known that Plaintiff and other Hourly Employees were working hours over forty each week.

42. Plaintiff worked over forty hours—and therefore incurred damages—in most weeks that she worked for Defendant.

43. Specifically, but without limitation, Plaintiff worked more than forty hours and incurred damages in each of the following weeks: May 9, 2022; June 13, 2022; and August 29, 2022.

44. At all relevant times herein, Defendant has deprived Plaintiff and other Hourly Employees of overtime compensation at 1.5x their regular rate of pay for all hours worked over 40 per week.

45. Upon information and belief, the pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

46. The net effect of Defendant's practices and policies regarding Plaintiff's job duties, bonuses and pay, as described above, is that Defendant intentionally avoided including the attendance bonuses in Plaintiff's regular rate of pay to avoid paying her a proper overtime premium for all hours worked over forty each week.

47. Defendant made no reasonable efforts to ascertain and comply with applicable law.

48. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Hourly Employees violated the FLSA and AMWA.

**B.  Off-the-Clock Claim—Donning and Doffing Personal Protective Equipment**

49. Before her shift, Plaintiff was required to don personal protective equipment (PPE), which included equipment such as safety glasses, earplugs, gloves, and bump hat.

50. Other Hourly Production Employees were also required to don PPE, which included equipment such as safety glasses, earplugs, gloves, and bump hat, before their shift.

51. During their shift, Plaintiff and other Hourly Production Employees were required to doff their PPE and then don it before returning to work during their unpaid breaks.

52. Each time Plaintiff and other Hourly Production Employees donned their PPE, it took approximately 10 minutes.

53. After their shift, Plaintiff and other Hourly Production Employees were required to clock out and then doff their PPE.

54. Each time Plaintiff and other Hourly Production Employees doffed their PPE, it took approximately 10 minutes.

55. Including pre-shift donning, mid-break donning and post shift doffing, Plaintiff and other Hourly Production Employees spent considerably more than one hour each week donning and doffing their PPE.

56. Plaintiff and other Hourly Production Employees were not paid for time spent donning and doffing their PPE.

57. Because of the unrecorded hours, Plaintiff and other Hourly Production Employees were deprived of compensation for all hours worked, including overtime compensation for all hours worked over forty per week.

58. Plaintiff and other Hourly Production Employees tracked their time via Defendant's electronic timekeeping system.

59. Defendant knew or should have known that Plaintiff and other Hourly Production Employees were working hours over forty each week.

60. Plaintiff worked over forty hours and was required to don and doff PPE off-the-clock—and therefore incurred damages—in most weeks that she worked for Defendant.

61. Specifically, but without limitation, Plaintiff worked more than forty hours, was required to don and doff PPE off-the-clock, and incurred damages in each of the following weeks: May 9, 2022; June 13, 2022; and August 29, 2022.

62. At all relevant times herein, Defendant has deprived Plaintiff and other Hourly Production Employees of regular wages and overtime compensation for all hours worked.

63. Upon information and belief, the pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

64. The net effect of Defendant's practices and policies regarding Plaintiff's job duties and timekeeping, as described above, is that Defendant intentionally avoided

paying Plaintiff for time spent donning and doffing PPE to avoid paying her a proper overtime premium for all hours worked over forty each week.

65. Defendant made no reasonable efforts to ascertain and comply with applicable law.

66. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Hourly Production Employees violated the FLSA and AMWA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

67. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Regular wages and overtime premiums for all hours worked over forty hours in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

68. Plaintiff proposes the following collectives under the FLSA:

> **All hourly employees who earned a bonus in connection with work performed in at least one week in which they worked over forty hours in the past three years.**
>
> **All hourly employees in the last three years who donned and doffed personal protective equipment.**

69. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

70. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

71. The members of the proposed FLSA regular rate collective ("Regular Rate Collective") are similarly situated in that they share these traits:

    A. They were paid hourly;

    B. They were eligible for and received attendance bonuses;

    C. They worked hours over forty in at least one week within the past three years in which they also performed work related to an attendance bonus;

    D. The attendance bonuses were not included in their regular rate for purposes of calculating their overtime pay.

72. The members of the proposed FLSA off-the-clock collective ("OTC Collective") are similarly situated in that they share these traits:

    A. They were paid hourly;

    B. They were classified by Defendant as nonexempt from the requirements of the FLSA;

    C. They were not paid a proper overtime premium for all hours worked over forty per week;

    D. They were subject to Defendant's common policy of requiring hourly workers to don and doff protective gear without pay; and

    E. They were subject to Defendant's common policy of rounding their time in favor of Defendant.

73. Plaintiff is unable to state the exact number of the collectives but believes that the Regular Rate Collective exceeds 50 persons and OTC Collective exceeds 50 persons.

74. Defendant can readily identify the members of the collectives, who are a certain portion of the current and former employees of Defendant.

75. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

76. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

77. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

78. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

79. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

80. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

81. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5x his regular rate for all hours worked in excess of 40 per week.

82. Defendant knew or should have known that its actions violated the FLSA.

83. Defendant's conduct and practices, as described above, were willful.

84. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

85. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

86. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA—Regular Rate Claim)

87. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

88. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

89. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

90. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

91. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff and all other similarly situated employees a proper overtime rate for all hours worked in excess of 40 per week.

92. Defendant violated 29 C.F.R. § 778.117 by not including all forms of compensation, such as commissions or bonuses, paid to Plaintiff and others similarly situated in their regular rate when calculating their overtime pay.

93. Upon information and belief, Plaintiff and all or almost all employees who received bonuses worked more than forty hours in at least one week in which they performed work connected to a bonus.

94. Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

95. Defendant knew or should have known that its actions violated the FLSA.

96. Defendant's conduct and practices, as described above, were willful.

97. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

98. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated

damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

99. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA—Off-the-Clock Claim)

100. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

101. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

102. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

103. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

104. Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours worked in excess of 40 per week.

105. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

106. Defendant knew or should have known that its actions violated the FLSA.

107. Defendant's conduct and practices, as described above, were willful.

108. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

109. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

110. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### IX. FOURTH CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

111. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

112. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

113. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

114. Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

115. Defendant failed to pay Plaintiff overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

116. Defendant knew or should have known that its practices violated the AMWA.

117. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

118. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Samantha Birdsall, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the AMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**SAMANTHA BIRDSALL, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com